## Morgan v. Mayfield Creek Drainage District No. 1 et al.

(Decided June 20, 1930.)

38

W. MIKE OLIVER for appellant.

A. E. BOYD for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Fred C. Morgan sued for a writ of mandamus to compel the board of drainage commissioners of the Mayfield creek drainage district No. 1 (hereinafter called the district) to issue to him a warrant for $24,681.15, with interest from May 2, 1924; the court ordered the district to issue him a warrant for $3,536.24, with interest from May 26, 1924, which satisfied neither party, and Morgan has appealed, and the district has prosecuted a cross-appeal.

On July 20, 1920, the district accepted Morgan's bid for the construction of a series of drainage canals. This bid was made on the unit basis, but on December 20, 1920, the plan of reclamation filed by the district was approved, the number of units of work was fixed, and this became then a lump sum contract. See sections 2380b-22 and 2380b-23, Ky. Stats. Morgan completed the work according to his contract, but, instead of paying

him as per contract, the district deducted therefrom various sums that we shall call deductions. They were these:

Arbitrary deductions totalling .......................... $18,693.80
Deductions for slush in the canal ................... $ 3,526.24
Deductions for old creek bed ...............................$ 1,866.90
Deductions for delay ............................................

$24,096.94

Of these we shall make brief explanations, after stating why it became necessary, as the district thought, to make them.

In arriving at the total cost of this project, the court received and approved proposals from an engineer to do such engineering work as might be required for $881.93 and from an attorney to do such legal work as might be needed for $3,000. However, the district paid out for legal services more than three times as much as was provided therefor and for engineering about twenty-five times as much as provided for, and thus a deficit was created, to meet which the district made the deductions which we shall now explain.

### The Arbitrary Deductions.

When the district found there was going to be a deficit, it proposed to Morgan that the size of the canal be reduced by not cutting it quite so deep as the contract calls for and by making it narrower than provided in the contract, to which the district contends Morgan agreed.

Morgan denied he made such agreement, and the proof sustains him, but, whether he did or not this contract was one reported to and approved by the court. In a sense it is a contract made by the court, and no change could be made in it without the consent of the court. See 19 C. J. p. 691, sec. 178.

The evidence shows Morgan did the work according to contract, nevertheless, in settling with him, the district proceeded as though the ditch were cut .6 of a foot shallower than the contract and .3 of a foot narrower, and in this way arbitrarily and improperly made a deduction from what was due Morgan of $18,693.80.

### DEDUCTIONS FOR SLUSH IN CANAL.

Much of this work was done by the use of a dredge boat; it took about three years to do the work. As the boat dug its way along down stream, the banks and bottom of the canal were left freshly cut and easily eroded. Many heavy rainfalls occurred which caused large quantities of water to gather in the valley through which this canal was being cut and to flow down the newly cut canal, thereby washing and carrying down stream large quantities of such eroded material and depositing it in the rear of the dredge boat, and such deposits are referred to in this record as "slush."

This work was measured in this manner: The engineer would get in a small boat and go down stream measuring the work behind the dredge boat by means of a sounding pole. This pole could easily be pushed through this slush to the bottom of the excavation cut by the dredge boat, usually referred to by the witnesses as "the hard ground."

Instead of so doing, the pole was stopped on top of the slush, that was treated as the bottom, and $3,536.24 deducted from Morgan's pay on that account. The trial court allowed Morgan's claim for this and interest, which was proper, as Morgan contracted to cut this canal, not to keep it open. These deposits of slush were carried out by the next rain.

### DEDUCTIONS FOR OLD CREEK BED.

This drainage canal followed the old creek in places and it cut across it in others, and the district deducted $1,866.90 from Morgan's pay for the yardage embraced in the old creek. This should not have been done, as the presumption is this old creek bed was taken into account in estimating the yardage to be removed. If it was not, it was the duty of the district to have filed exceptions to the estimate of cost before that matter was passed on and approved by the court.

### DEDUCTIONS FOR DELAY.

These seem to have been $2,082 deducted from Morgan's pay for added expenses thrust upon the district by Morgan's delay in completing this work, of which $1,754.27 was paid to the engineer, Pulliam. The evidence, as we see it, appears to support Morgan's claim for this

but our minds are not entirely free from doubt in the matter, and, as the presumption is in favor of the correctness of the judgment, we have not such a conviction of the correctness of Morgan's claim for this as is necessary to warrant us in overturning the finding of the chancellor; hence his disallowance of this must stand.

The district will give to Morgan a warrant for $24,096.94, with interest from May 26, 1924. Judgment reversed on original appeal, and affirmed on cross-appeal.

The whole court sitting.